IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRENDA ANN SCHWARTZ; PAUL GRANT SCHWARTZ,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>ACCURATUS CORPORATION; MATERION BRUSH INC.; DENNIS P. TRETTER, SR.,<br><br>　　　　Defendants. | Civil Action No. 12-6189 |

### ANSWER OF DEFENDANT MATERION BRUSH INC.

In answer to plaintiffs' Civil Action Complaint, defendant Materion Brush Inc. ("Materion") states as follows:

### FIRST DEFENSE

1.　Materion is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1, and therefore denies them.

2.　Materion is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2, and therefore denies them.

3.　Materion is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3, and therefore denies them.

4.　Materion admits the allegations of paragraph 4.

5. Materion admits that Dennis P. Tretter, Sr., has been an employee or agent of Accuratus Ceramic Corporation, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 5, and therefore denies them.

6. Materion admits that Accuratus Ceramic Corporation and/or Accuratus Corporation have at times owned and operated a facility in Washington, New Jersey, but is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations of paragraph 6, and therefore denies them.

7. Materion admits that it is a manufacturer of beryllium and beryllium-containing products; admits that it has engaged in the mining of beryllium-containing ores and the manufacture and sale of beryllium and beryllium-containing products; admits that its products have been sold through distributors, and used to make other products by other manufacturers and fabricators; and denies the remaining allegations of paragraph 7.

8. Materion is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8, and therefore denies them.

9. Materion is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9, and therefore denies them.

10. Materion admits the allegations of paragraph 10.

11. The allegations of paragraph 11 of the Complaint contain legal conclusions, to which no response is required.

12. Materion is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12, and therefore denies them.

13. Materion is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13, and therefore denies them.

14. Materion is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14, and therefore denies them.

15. Materion admits that Accuratus Ceramic Corporation purchased beryllium-containing products manufactured by Materion in 1978 and 1979.

16. Materion admits that operations at the "Clinton Facility" included producing, grinding, abrading and cutting beryllium oxide, but denies the remaining allegations of paragraph 16.

17. Materion admits that some manufacturing processes at the "Clinton Facility" have at some times produced respirable beryllium dust and fumes, but denies that all manufacturing processes did so, and denies any discharge of beryllium particulate into the "surrounding environment" or "ambient air" in excess of levels permitted by applicable law.

18. Materion denies the allegations of paragraph 18.

19. Materion admits that exposure at some level to airborne beryllium particulate can cause acute beryllium disease and, in some individuals, chronic beryllium disease ("CBD"), a lung disease caused by an immune response to beryllium; admits that some individuals may have a dermatological response to beryllium; but denies that exposure to beryllium causes cancer in humans.

20. Materion admits that exposure at some level to airborne beryllium particulate can cause acute beryllium disease and, in some individuals, CBD, but denies the remaining allegations of paragraph 20, including specifically the allegation that beryllium sensitization is a "respiratory disease."

21. Materion admits that CBD is a granulomatous disease of the lung and that symptoms of CBD may include some of the symptoms listed in paragraph 21, but denies that

CBD is "characterized" by those symptoms, insofar as most cases of CBD diagnosed with current technology are asymptomatic, and denies the remaining allegations of paragraph 21. Materion avers that not all persons can develop, or are susceptible to, an immune response to beryllium; that many persons who are diagnosed with CBD will never develop any symptoms or physical impairment; and that the definition of CBD has changed over time.

22. Materion admits that CBD has been reported to appear in some persons up to thirty years after exposure and as early as four months after the first exposure, but denies the remaining allegations of paragraph 22.

23. Materion admits that in some circumstances, the clothes of persons employed in a plant where beryllium-containing products are used can become contaminated with beryllium, but denies the remaining allegations of paragraph 23.

24. Materion is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24, and therefore denies them.

25. Materion denies the allegations of paragraph 25.

26. Materion denies the allegations of paragraph 26.

27. Materion is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27, and therefore denies them.

28 – 71. The allegations of paragraphs 28 through 71 are all directed to defendant Accuratus, and do not require a response by this defendant.

72. Materion incorporates its responses to the allegations in paragraphs 1 through 71.

73. The allegations of paragraph 73 contain legal conclusions, to which no response is required. To the extent a response is required, the allegations are denied. Materion specifically denies that it owed or breached any duty to plaintiffs.

74. Materion denies the allegations of paragraph 74.

75. Materion denies the allegations of paragraph 75.

76. Materion denies the allegations of paragraph 76.

77. Materion denies the allegations of paragraph 77.

78. Materion denies the allegations of paragraph 78.

79. Materion denies the allegations of paragraph 79.

80. Materion denies the allegations of paragraph 80.

81. Materion denies the allegations of paragraph 81.

82. Materion denies the allegations of paragraph 82.

83. Materion denies the allegations of paragraph 83.

84  Materion denies the allegations of paragraph 84.

85. Materion denies the allegations of paragraph 85.

86. Materion incorporates its responses to the allegations in paragraphs 1 through 85.

87. The allegations of paragraph 87 contain legal conclusions, to which no response is required. To the extent a response is required, the allegations are denied.

88. The allegations of paragraph 88 contain legal conclusions, to which no response is required. To the extent a response is required, the allegations are denied.

89. Materion denies the allegations of paragraph 89.

90. Materion denies the allegations of paragraph 90.

91. Materion denies the allegations of paragraph 91.

92. Materion denies the allegations of paragraph 92.

93. Materion denies the allegations of paragraph 93.

94. Materion denies the allegations of paragraph 94.

95.     Materion incorporates its responses to the allegations in paragraphs 1 through 94.

96.     The allegations of paragraph 96 contain legal conclusions, to which no response is required. To the extent a response is required, the allegations are denied. Materion specifically denies that it owed or breached any duty to plaintiffs.

97.     Materion denies the allegations of paragraph 97.

98.     Materion denies the allegations of paragraph 98.

99.     Materion denies the allegations of paragraph 99.

100.    Materion denies the allegations of paragraph 100.

101.    Materion denies the allegations of paragraph 101.

102.    Materion incorporates its responses to the allegations in paragraphs 1 through 101.

103.    Materion admits that Accuratus Ceramic Corporation purchased and used beryllium-containing products manufactured by Materion in 1978 and 1979.

104.    Materion is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 104, and therefore denies them.

105.    Materion admits that it knew that airborne beryllium particulate can be harmful or toxic, that it can cause CBD, and that CBD can be severe and disabling. Materion avers that most cases of CBD diagnosed with current technology are asymptomatic; that not all persons can develop, or are susceptible to, an immune response to beryllium; that many persons who are diagnosed with CBD will never develop any symptoms or physical impairment; and that the definition of CBD has changed over time. Materion denies the remaining allegations of paragraph 105.

106.    Materion denies the allegations of paragraph 106.

CLI-2033699v1

107.    Materion is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 107, and therefore denies them.

108.    Materion denies the allegations of paragraph 108.

109.    Materion is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 109, and therefore denies them.

110.    Materion admits that it knew that exposure to airborne beryllium particulate can cause CBD; that CBD can be life-threatening; and that in some circumstances the clothes of persons employed in a plant where beryllium-containing products are used can become contaminated with beryllium. Materion denies the remaining allegations of paragraph 110.

111.    Materion admits that it knew that exposure to airborne beryllium particulate can cause CBD, and that CBD can be severe and disabling, but denies the remaining allegations of paragraph 111. Materion avers that most cases of CBD diagnosed with current technology are asymptomatic; that not all persons can develop, or are susceptible to, an immune response to beryllium; that many persons who are diagnosed with CBD will never develop any symptoms or physical impairment; and that the definition of CBD has changed over time.

112.    Materion denies the allegations of paragraph 112.

113.    Materion denies the allegations of paragraph 113.

114.    Materion denies the allegations of paragraph 114.

115.    Materion denies the allegations of paragraph 115.

116.    Materion denies the allegations of paragraph 116.

117.    Materion denies the allegations of paragraph 117.

118.    Materion incorporates its responses to the allegations in paragraphs 1 through 117.

119. Materion is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 119, and therefore denies them.

120. Materion denies any tortious conduct on its part, and is without knowledge or information to form a belief as to the remaining allegations of paragraph 120.

121. Materion is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 121, and therefore denies them.

122. Materion is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 122, and therefore denies them.

123. Materion is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 123, and therefore denies them.

124. Materion is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 124, and therefore denies them.

125. Materion is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 125, and therefore denies them.

126. Materion is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 126, and therefore denies them.

127. Materion incorporates its responses to the allegations in paragraphs 1 through 126.

128. Materion denies the allegations of paragraph 128.

129. Materion denies the allegations of paragraph 129.

130. Materion denies the allegations of paragraph 130.

131. Materion incorporates its responses to the allegations in paragraphs 1 through 130.

132.    Materion is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 132, and therefore denies them.

## SECOND DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

## THIRD DEFENSE

Plaintiffs' claims are barred because Materion had no legal duty to Mrs. Schwartz.

## FOURTH DEFENSE

Plaintiffs' claims against Materion, if any, may be barred in whole or in part by the applicable statutes of limitations and repose, and by the equitable doctrines of laches, ratification, unclean hands, waiver and estoppel.

## FIFTH DEFENSE

Some or all of the claims asserted by plaintiffs may be barred and/or limited by the doctrine of contributory negligence.

## SIXTH DEFENSE

Some or all of the claims asserted by plaintiffs may be barred and/or limited by the doctrine of comparative negligence and in accordance with the provisions of 42 Pa. C.S.A. § 7102.

## SEVENTH DEFENSE

Some or all of the claims asserted by plaintiffs may be barred and/or limited by plaintiffs having knowingly assumed the risk of injury involved with their activities.

## EIGHTH DEFENSE

No act, action or omission on the part of Materion was the proximate cause of plaintiffs' alleged injuries.

CLI-2033699v1

## NINTH DEFENSE

Materion acted properly and with due care at all material times.

## TENTH DEFENSE

Plaintiffs' injuries, if any, were caused by the act and/or omissions of plaintiffs and/or persons or entities other than Materion, over whom Materion had no control and no right to control.

## ELEVENTH DEFENSE

Plaintiffs' injuries, if any, were caused by the superseding or intervening acts of persons or entities other than Materion.

## TWELFTH DEFENSE

Plaintiffs may have failed to mitigate their damages, if any.

## THIRTEENTH DEFENSE

If plaintiffs were injured as alleged, Materion avers that said injuries were caused by misuse, improper use, abuse, or negligent use of the product or products in question.

## FOURTEENTH DEFENSE

All applicable requirements of state and federal law were met regarding the marketing, sale and distribution of the product or products by Materion.

## FIFTEENTH DEFENSE

Some or all of the claims made by plaintiffs are barred insofar as plaintiff's employer was a sophisticated or knowledgeable user of beryllium and/or beryllium-containing products.

## SIXTEENTH DEFENSE

Plaintiffs cannot recover against Materion because the manufacture, inspection, packaging, warning and labeling of the beryllium products referred to in plaintiffs' Complaint

were in conformity with the generally recognized state of the art at the time such products were manufactured, inspected, packaged and labeled.

### SEVENTEENTH DEFENSE

There can be no liability on the part of this defendant because it discharged all duties by providing full and complete warnings to plaintiff's employer, who was fully knowledgeable concerning the hazards of beryllium and had a duty under federal and state laws to inform employees of all such hazards.

### EIGHTEENTH DEFENSE

Plaintiffs' claims against Materion, if any, are barred in whole or in part to the extent they seek to impose liability on a manufacturer supplying only raw materials.

### NINETEENTH DEFENSE

Plaintiffs' claims against Materion, if any, are barred in whole or in part because the materials from this defendant did not reach plaintiffs without substantial change, alteration, or modification in their condition.

### TWENTIETH DEFENSE

Materion reserves the right to assert any other defense that may become available or appear during the discovery proceedings or otherwise in this case.

**WHEREFORE**, defendant Materion denies that it is liable to plaintiffs in any amount, and requests that judgment be entered in its favor and against plaintiffs on all counts of plaintiffs' Complaint.

### DEMAND FOR JURY TRIAL

Materion demands a trial by jury of all claims triable as of right by jury.

CLI-2033699v1

- 12 -

WARD GREENBERG HELLER & REIDY LLP

By: _____
Dennis R. Callahan (DRC4372)
1835 Market Street, Suite 650
Philadelphia, PA   19103
(215) 836-1100
(215) 836-2845 (fax)

Attorneys for Defendant
Materion Brush Inc.

*Of Counsel*:

Jeffery D. Ubersax
Caitlin A. Bell
Jones Day
901 Lakeside Avenue
Cleveland, OH  44114
(216) 586-3939
(216) 579-0212 (fax)

- 12 -

CLI-2033699v1

## CERTIFICATE OF SERVICE

I, Dennis R. Callahan, hereby certify that on this 2nd day of November 2012, I electronically filed the foregoing Answer of Defendant Materion Brush Inc. with the Clerk of Court, using CM/ECF system which sent notification of such filing to the following.

Ruben Honik, Esquire<br>
Golomb & Honik<br>
1515 Market Street, Suite 1100<br>
Philadelphia, PA 19107<br>
rhonik@golombhonik.com

_____
Dennis R. Callahan